IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MICHAEL DALE HARTLEY**,

             Plaintiff,

       v.

**CAROLYN W. COLVIN**,
Acting Commissioner of the Social Security
Administration,

             Defendant.

_____

**Civ. No. 1:13-cv-02247-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

      Plaintiff Michael Hartley brings this action for judicial review of a final decision of the

Commissioner of Social Security denying his application for disability insurance benefits (DIB)

under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g)

and 1383(c)(3).

      Both parties agree that the Administrative Law Judge (ALJ) committed reversible error.

The issue before this Court is whether to remand for an award of benefits or for further

administrative proceedings. Because the ALJ erred by failing to account for plaintiff's disability

on September 30, 2011, the Commissioner's decision is REVERSED for an award of benefits

from September 30, 2011 onward. The record is not clear, however, as to plaintiff's residual

functioning capacity (RFC) from the alleged onset date of disability, January 16, 2009, to

September 30, 2011. Therefore, this matter is REMANDED under sentence four of 42 U.S.C. §

405(g) to determine plaintiff's RFC from January 16, 2009 to September 30, 2011.

1 – OPINION AND ORDER

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for DIB on August 3, 2009, alleging disability since January 16, 2009. The ALJ issued a decision on June 7, 2012, and determined that plaintiff was not disabled. Tr. 51.[1]

Plaintiff was born in 1965 with a congenital absence of his left arm below the elbow. Tr. 177. Plaintiff graduated from high school and completed a Rogue Community College course in commercial truck driving. Tr. 186. Plaintiff worked medium to heavy construction-type jobs until he injured his shoulder in 2008. Tr. 44. Plaintiff worked most recently as a highway maintenance worker. Tr. 64.

Plaintiff alleges disability due to: congenital absence of his left arm below the elbow; lumbar spine degenerative disc disease; right arm and shoulder impairments; bilateral knee impairments; anxiety; depression; chronic obstructive pulmonary disease; stomach problems; and pre-cancerous tissue in his esophagus. Tr. 177.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, this Court reviews the

---

[1] "Tr." refers to the transcript of the Social Security Administrative Record provided by the Commissioner.

2 – OPINION AND ORDER

administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

## DISCUSSION

The Social Security Administration utilizes a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. If a claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's RFC, age, education, and work experience. *Id*.

Plaintiff contends that: (1) he is disabled under the RFC articulated by the ALJ in the written decision; and (2), in the alternative, the ALJ improperly rejected physical and mental impairments in forming plaintiff's RFC.

## I. The ALJ's RFC Calculation

Plaintiff argues that he is disabled under the RFC articulated by the ALJ in the written decision that limited plaintiff to sedentary work. Tr. 43. During the administrative hearing, however, the ALJ proposed two distinct RFC hypotheticals to the vocational expert (VE). Each RFC pertained to a different time period. The first RFC (RFC1) extended from the alleged onset date, January 16, 2009, to September 30, 2011. Tr. 81–82. In contrast, the second RFC (RFC2) extended from September 30, 2011 onward. Tr. 85–86. In the written decision, the ALJ adopted a slightly modified RFC2. *Compare* tr. 43, *with* tr. 85–86.

Plaintiff is disabled under the sedentary RFC2 calculation because the congenital absence of his lower left arm significantly erodes his occupational base. This Court cannot determine,

3 – OPINION AND ORDER

however, if plaintiff is also disabled under the less restrictive RFC1. The ALJ did not adequately explain his RFC1 calculation during the administrative hearing or within his written decision.

## A. RFC 1

Plaintiff, without explicitly addressing RFC1, argues that he is disabled under RFC2 as articulated in the written decision. This Court, having reviewed the hearing testimony and written decision, is not persuaded that the ALJ intended to omit consideration of RFC1. This Court looks to the administrative record.

Upon examination of the VE, the ALJ identified two distinct RFC time periods. TR 81. For the first period, RFC1, the ALJ asked the VE whether plaintiff was capable of working if limited to: medium work; standing, walking and sitting six hours a day; occasional use of ladders and scaffolds; occasional overhead reaching with right upper extremity; and no handling, fingering or feeling in the left hand. Tr. 81–82.

The VE initially responded that such an individual could not work because of the congenital absence of his lower arm. Tr. 81. However, upon further discussion, the VE later testified:

> Perhaps I'm approaching this more from the view of a vocational rehabilitation counselor. Let me step back and approach it more accurately from the view of a vocational expert. I believe that the highway maintenance position could be performed under that hypothetical.

Tr. 84.

The ALJ, in his written decision, did not discuss RFC1 or the VE's related testimony. Nonetheless, this Court can discern from the hearing transcript and written decision, that the ALJ considered Dr. Morrison's September 2011 assessment as the dividing temporal point between RFC1 and RFC2. For example, the ALJ noted in the written decision:

> Despite his impairments, the PCE of December 2008 found him able to perform medium work, and Dr. Chamberlain found him able to work a full day at medium exertion. On March 13, 2010, or well after the alleged onset in January 2009, Dr. Ramchandani conducted a largely normal examination, and concluded that he could stand, walk, or sit for eight hours, and lift up to 50 pounds. Dr. Habjan concurred on April 20, 2010, that he could perform medium work. In his most recent functional assessment, by Dr. Morrison in September 2011, he was only limited to lifting no more than 10 pounds occasionally with the right upper extremity.

Tr. 47. This section of the written decision largely tracks the ALJ's comments during the administrative hearing. *Compare* tr. 47, *with* tr. 75; *see also Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion.").

The ALJ did not explain in his written findings which medical limitations RFC1 incorporated. Although the ALJ discussed plaintiff's medical examinations between 2007 and 2012, this Court is unable to assess whether the ALJ properly rejected certain limitations identified by Dr. Chamberlain and Dr. Ramchandani. *Compare* tr. 45–46, *with* tr. 82. As a result, this Court cannot determine whether the VE's testimony included all of plaintiff's limitations. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) ("Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant[.]" (emphasis in original)).

## B. RFC2

Plaintiff argues that he is disabled under RFC2 because the congenital absence of his left hand and wrist significantly erode his range of sedentary work. This Court is persuaded, but only from September 30, 2011 onward.

As indicated, the ALJ identified a second period, RFC2. For that second period, the ALJ asked the VE whether plaintiff was capable of working if limited to: sedentary work; standing and walking two hours a day; sitting eight hours a day; no use of ladders and scaffolds; occasional balancing; no stooping, kneeling, crouching, and crawling; occasional overhead reaching with right upper extremity; no handling, fingering or feeling in the left hand; avoiding concentrated exposure to hazards such as unprotected heights and moving machinery; and ambulation with assistive device. Tr. 85–86. In response, the VE opined that such an individual could work as a charge account clerk (DOT § 205.367-014), call out operator (DOT § 237.367-014), and surveillance system monitor (DOT § 379.367-010). Tr. 86. The ALJ adopted this testimony at step five of the sequential evaluation and found that plaintiff was not disabled.

Plaintiff contends that regardless of whether the VE testified that he could perform these positions, plaintiff is disabled because his unskilled sedentary occupation base is significantly eroded under SSR 96-9p, *Fife v. Heckler*, 767 F.2d 1427 (9th Cir. 1985), and the Medical-Vocational Guidelines (the Grids).

Pursuant to SSR 96-9p, "a finding of 'disabled' usually applies when the full range of sedentary work is significantly eroded[.]" 1996 WL 374185, at *3 (July 2, 1996). "Any *significant* manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base." *Id.* at 8 (emphasis in original).

This Court is unclear how plaintiff's missing left hand and wrist, in combination with his limitations in overhead reaching with his right upper extremity, could not represent significant manipulative limitations under SSR 96-9p. In any event, the Ninth Circuit, in *Fife*, determined

that an individual with less manipulative limitations than plaintiff was disabled under the Grids. 767 F.2d at 1430.

In *Fife*, the Ninth Circuit found that a 27-year old claimant who had "mild to moderate left hemiparaesis [that] significantly impaired the use of his left hand" was disabled because his unskilled sedentary occupation base had been significantly compromised. *Id.* at 1429–30. In making this determination, the *Fife* Court considered Grids §§ 201.27, .28, and .29, which each contained footnotes referring to Grid § 201.00(h). At that time, § 201.00(h) provided in relevant part:

> [A] finding of disabled is not precluded for those individuals under age 45 who do not meet all of the criteria of a specific rule and who do not have the ability to perform a full range of sedentary work. The following examples are illustrative: Example 1: An individual under age 45 with a high school education can no longer do past work and is restricted to unskilled sedentary jobs because of a severe medically determinable cardiovascular impairment (which does not meet or equal the listings in Appendix 1). A permanent injury of the right hand limits the individual to sedentary jobs which do not require bilateral manual dexterity. None of the rules in Appendix 2 are applicable to this particular set of facts, because this individual cannot perform the full range of work defined as sedentary. Since the inability to perform jobs requiring bilateral manual dexterity significantly compromises the only range of work for which the individual is otherwise qualified (i.e., sedentary), a finding of disabled would be appropriate.

*Fife*, 767 F.2d at 1430 (quoting 20 C.F.R. Pt. 404, Sub. Pt. P, App. 2, § 201.00(h)).[2] The Court concluded that the claimant, like the individual in Example 1, was disabled because he was precluded from jobs requiring bilateral manual dexterity due to his hand injury.

---

[2] The modern iteration of Grid § 201.00(h) does not include Example 1. However, this Court may look to the nearly identical Grids within the Railroad Retirement Act (RAA). *See Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1213 (11th Cir. 1991) ("The provisions of the Railroad Retirement Act are so closely analogous to those of the Social Security Act that regulations and cases interpreting the latter are applicable to the former."). The Grids within the RAA include Example 1. *See* 20 C.F.R. Pt. 220, App. 2 § 201.00(h).

In this case, plaintiff is even more limited under the sedentary RFC2 calculation than the individual in Example 1. Plaintiff is missing his lower left arm and suffers from a severe right shoulder impairment, which significantly reduces his range of motion. Given that the individual in Example 1 is disabled, the ALJ's determination that plaintiff is not disabled under RFC2 is irreconcilable with SSR 96-9p and *Fife*.

The Commissioner urges this Court to remand for further proceedings because RFC2 is too restrictive and not supported by substantial evidence. This Court declines to relitigate the ALJ's RFC2 determination. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("[W]e need not return the case to the ALJ to make a residual functional capacity determination a second time. Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."). In his findings, the ALJ addressed and implicitly adopted Dr. Morrison's 2011 assessment of plaintiff's limitations. *Compare* tr. 46, *with* tr. 520. As a result, the ALJ's determination is supported by substantial evidence in the record.

## II. Remand

This Court has "discretion to remand a case either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292 (citing *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989)). Generally, the "decision of whether to remand for further proceedings turns upon the likely utility of such proceedings." *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000) (citing *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981)). To remand for an award of benefits, three elements must be satisfied:

> (1) The record has been fully developed and further administrative proceedings would serve no useful purpose;

(2) The ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and

(3) If the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

As to the first period from January 16, 2009 to September 30, 2011, remand for further proceedings is necessary in order to recalculate plaintiff's RFC. Plaintiff alleges that the opinions of Drs. Chamberlain and Ramchandani, if credited, require a finding of disability and an award of benefits. However, the medical record, as discussed by the ALJ, creates enough ambiguity to preclude this Court from crediting either opinion and from making a disability determination at this time. *See* tr. 47.

As to the second period, plaintiff is disabled from September 30, 2011 onward, and remand for further proceedings is unnecessary. *See Garrison*, 759 F.3d at 1021 ("[T]he objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the first part of credit-as-true analysis.").

## <u>CONCLUSION</u>

For these reasons, the Commissioner's final decision is REVERSED and this matter is REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings. It is hereby ordered, upon remand:

**1.** The ALJ shall make a finding of disability and award benefits from September 30, 2011 onward.

**2.** For the time period extending from January 16, 2009 to September 30, 2011, the ALJ shall:

**A.** Reevaluate the medical source opinions, including but not limited to the opinions of: Avinash Ramchandani, M.D., Steven

9 – OPINION AND ORDER

Chamberlain, M.D., William Habjan, D.O., and Douglas Morrison, M.D.; and provide adequate rationale for either accepting or rejecting these opinions;

**B.** Reevaluate plaintiff's credibility;

**C.** Reevaluate plaintiff's RFC;

**D.** Make new findings under step four of the sequential evaluation; and

**E.** Make new findings under five of the sequential evaluation and obtain supplemental VE evidence.

IT IS SO ORDERED.

DATED this 6th day of February, 2015.

_____
**Michael J. McShane**
**United States District Judge**